

# Fourth Court of Appeals
## San Antonio, Texas

October 21, 2020

No. 04-20-00458-CV

Axelle Francine **PARKER**,
Appellant

v.

William A. **PARKER** II,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2020CI15237
Honorable Karen H. Pozza, Judge Presiding

# O R D E R

On October 1, 2020, we issued an order explaining that the trial court had filed a notification of late clerk's record, which stated that the appellant had failed to pay or make arrangements to pay the fee for preparing the clerk's record and that appellant was not entitled to appeal without paying the fee. We therefore ordered appellant to provide written proof to this court on or before October 12, 2020 that either (1) the clerk's fee for preparing the clerk's fee had been paid or arrangements had been made to pay the clerk's fee; or (2) appellant was entitled to appeal without paying the clerk's fee. We further explained that if appellant failed to respond within the time provided, this appeal would be dismissed for want of prosecution. *See* TEX. R. APP. P. 37.3(b) (allowing dismissal of appeal for want of prosecution if clerk's record is not filed due to appellant's fault); *see also* TEX. R. APP. P. 42.3(c) (allowing dismissal of appeal if appellant fails to comply with an order of this court).

Appellant's attorney, Charles E. Hardy, has advised the Clerk of this Court via telephone that he no longer represents appellant and that his motion to withdraw was granted by the trial court. Texas Rule of Appellate Procedure 6.1 provides that "[u]nless another attorney is designated, lead counsel for an appellant is the attorney whose signature first appears on the notice of appeal." TEX. R. APP. P. 6.1(a). On September 15, 2020, appellant's notice of appeal was filed, and Charles E. Hardy signed the notice of appeal as appellant's attorney. *See id*. Thus, Charles E. Hardy is appellant's attorney on appeal. Under the Texas Rules of Appellate Procedure, he remains the attorney on appeal (whether or not the trial court has granted a motion to withdraw in the underlying proceeding) unless and until this Court grants a motion pursuant to Texas Rule of Appellate Procedure 6.5.

Texas Rule of Appellate Procedure 6.5 permits an appellate court to allow an attorney to withdraw from representing a party in the appellate court. *See* TEX. R. APP. P. 6.5. The motion for leave to withdraw must contain the following:

(1) a list of current deadlines and settings in the case;

(2) the party's name and last known address and telephone number;

(3) a statement that a copy of the motion was delivered to the party; and

(4) a statement that the party was notified in writing of the right to object to the motion. TEX. R. APP. P. 6.5(a).

As explained above, there is a pending show cause order in this appeal for failure to pay the fee for preparation of the clerk's record. We ORDER appellant to provide written proof to this court on or before **November 10, 2020** that either (1) the clerk's fee for preparing the clerk's fee has been paid or arrangements have been made to pay the clerk's fee; or (2) appellant is entitled to appeal without paying the clerk's fee. If appellant fails to respond within the time provided, this appeal will be dismissed for want of prosecution. *See* TEX. R. APP. P. 37.3(b) (allowing dismissal of appeal for want of prosecution if clerk's record is not filed due to appellant's fault); *see also* TEX. R. APP. P. 42.3(c) (allowing dismissal of appeal if appellant fails to comply with an order of this court).

Liza A. Rodriguez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 21st day of October, 2020.

MICHAEL A. CRUZ, Clerk of Court